# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE C. CADE, | No. 4:18-CV-02086 |
| Plaintiff, | (Judge Brann) |
| v. | |
| NORTHUMBERLAND COUNTY PROBATION DEPARTMENT, | |
| Defendant. | |

## MEMORANDUM OPINION

### MARCH 20, 2020

Plaintiff Andre Cade brings suit against his former employer Defendant Northumberland County Probation Department for alleged racial and gender discrimination in violation of Title VII. The Probation Department now moves to dismiss the complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b) or, in the alternative, to compel discovery.[1]

Cade filed his complaint on October 27, 2018.[2] The Probation Department's motion to dismiss was granted in part and denied in part by this Court on April 4,

---

[1] Defs.' Mot. to Dismiss for Pls. Failure to Prosecute (ECF No. 24) ("Def.'s Rule 41 Mot."); Mot. to Compel Disc. by Pl., Andre C. Cade pursuant to F.R.C.P. 37 of Defs. Northumberland Cty. Prob. Dep't (ECF No. 23) ("Def.'s First Mot. to Compel"); Mot. to Compel Disc. By Pl., Andre C. Cade pursuant to F.R.C.P. 37 of Defs. Northumberland Cty. Prob. Dep't and Mot. for Extension of Time to Complete Disc. (ECF No. 28) ("Def.'s Second Mot. to Compel").

[2] Compl. (ECF No. 1).

2019.[3] Around this time, Plaintiff's counsel represents that he lost contact with Cade, and the Probation Department's attempts to pursue discovery were ignored. Cade did not respond to a set of interrogatories and a request for production that were served on May 2, 2019, did not provide initial disclosures, and did not seek any discovery.

On October 10, 2019, this Court held a teleconference with counsel for both parties to address Cade's failure to answer written discovery.[4] At this teleconference, Plaintiff's counsel was warned that continued failure to prosecute his case could lead to a Rule 41 dismissal. On November 25, 2019, this Court held a second teleconference on Cade's continued failure to participate in discovery.[5] Plaintiff's counsel explained that he had previously lost contact with Cade, but that they had recently reconnected. He further explained that he would meet with Cade on December 6, 2019 and would provide the requested discovery by December 13, 2019.

The December 6 meeting took place, but no discovery was produced. On January 3, 2020, the Probation Department moved to compel production.[6] Without response from Cade, a month later on February 6, 2020 the Probation Department

---

[3] Order (ECF No. 10).

[4] *See* Letter from Christine E. Munion, Esq., to the Honorable Matthew W. Brann of September 26, 2019 (ECF No. 17); Scheduling Order (ECF No. 18).

[5] *See* Letter from Christine E. Munion, Esq., to the Honorable Matthew W. Brann of November 12, 2019 (ECF No. 20); Scheduling Order (ECF No. 21).

[6] Def.'s First Mot. to Compel (ECF No. 23).

moved to dismiss the complaint for failure to prosecute under Rule 41.[7] Finally, along with his opposition to the Rule 41 motion, on February 20, 2020 Cade provided the requested discovery.[8] However, he did not provide his initial disclosures, and on February 21, 2020, the Probation Department filed a new motion to compel asserting that the discovery Cade did provide was deficient.[9] This motion also requested this Court to extend the discovery deadline (originally set for March 2, 2020) in the event that the Probation Department's Rule 41 motion is denied.[10]

Rule 41(b) permits a defendant to move to dismiss an action or claim against it when a plaintiff fails to prosecute its case. The United States Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire & Casualty Company*[11] set out six factors to guide trial courts' discretion whether to dismiss a case for failure to prosecute: (1) the extent of the party's personal responsibility, (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery, (3) a history of dilatoriness, (4) whether the conduct of the party or the

---

[7] Def.'s Rule 41 Mot. (ECF No. 24).
[8] Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss for Failure to Prosecute (ECF No. 26).
[9] Def.'s Second Mot. to Compel (ECF No. 28).
[10] *Id.*
[11] 747 F.2d 863 (3d Cir. 1984).

attorney was willful or in bad faith, (5) the effectiveness of sanctions other than dismissal, and (6) the meritoriousness of the claim or defense.[12]

Applying the *Poulis* factors, I find dismissal is appropriate under Rule 41(b). Regarding the first factor, I find that both Cade and his attorney are jointly responsible for their breakdown in communication. Cade is responsible for not providing accurate contact information to his attorney and not trying to contact him earlier, while his attorney should have verified that he had accurate contact information or located him earlier. Crucially, however, the failure to prosecute did not stop after the two reconnected. They had a meeting on December 6, 2019 but Cade did not provide any documents for more than two months after that date. He has not provided an excuse for this additional delay.

Regarding the second factor, I find that the Probation Department has been prejudiced by Cade's delay. It has been forced to seek two teleconferences, two motions to compel, and this instant motion to dismiss in order to receive any discovery. The delay has also impaired the Probation Department's ability to prepare for trial.

Regarding the third factor, Cade exhibited an extensive history of dilatoriness. He took no action in this case after this Court's order on the motion to dismiss on April 4, 2019. As noted, this included two separate teleconferences with

---

[12] *See id.* at 868; *Torres v. Gautsch*, 304 F.R.D. 189, 191 (M.D. Pa. 2015).

the Court at which Cade's counsel was warned about a potential Rule 41 motion. While some of the initial holdup could be attributed to simple miscommunication, the pattern continued after Cade's December 6 meeting with his attorney. He did not provide discovery by December 13 as he represented he would. Instead, it was only after the Rule 41 motion was filed, two months after the meeting and over a month after the first motion to compel was filed, that Cade finally produced some documents. Even then, however, he did not produce his initial disclosures, which to date remain outstanding.

Regarding the fourth factor, I do not find that Cade's delay was in bad faith. However, while the initial delay may have been inadvertent, the delay after Cade reconnected with his attorney in late 2019 was done in full knowledge of the risk of a Rule 41 motion.

Regarding the fifth factor, I find that lesser sanctions would not be an effective alternative to dismissal in light of his disregard of this Court's prior warnings.[13]

Regarding the sixth factor, I do not reach a conclusion whether Cade's claims are meritorious or not. That said, I note that the factual allegations in his complaint are relatively sparse.

---

[13] *See Torres*, 304 F.R.D. at 192.

I conclude that when considered together, Cade's pattern of knowingly dilatory conduct and the prejudice to the Probation Department weigh in favor of dismissing Cade's complaint. After months of delay and multiple warnings, Cade continues to fail to prosecute his case, causing more prejudice to the Probation Department. Dismissal is the appropriate sanction.[14]

Because I grant the Probation Department's Rule 41 motion, its other outstanding motions are denied as moot.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[14] *See id.* at 193; *Hussain v. PNC Fin. Servs. Grp.*, 276 F.R.D. 181, 184 (D. Del. 2011).